UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Judy J. Mangione,

                                                  Plaintiff,

      -v.-                                           1:05-CV-00589
                                                             (NPM-GJD)

Commissioner of Social Security,

                                                Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR THE PLAINTIFF: | |
| Erwin, McCane & Daly Law Firm<br>23 Elk Street<br>Albany, NY 12207 | Thomas C. Erwin |
| FOR THE DEFENDANT: | |
| Glenn T. Suddaby<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | William H. Pease, AUSA |
| Barbara L. Spivak<br>Chief Counsel - Region II<br>Office of the General Counsel<br>Social Security Administration<br>Baltimore, MD 21235 | Karen G. Fiszer,<br>Assistant Regional Counsel |

Neal P. McCurn, Senior District Judge

# ORDER

## I.     Introduction

Presently before the court is a Report-Recommendation ("Report") from the Honorable Gustave J. DiBianco,  Magistrate Judge, recommending reversal of a decision by defendant, Commissioner of Social Security ("Commissioner"), and remand to the Commissioner for further proceedings.  The Commissioner objects to the portion of the Report recommending reversal and remand.  The court evaluates the Commissioner's objection on the papers submitted without oral argument.

## II.    Procedural Background

Plaintiff initially applied for Social Security Disability Insurance benefits on August 13, 2003.  The application was denied, and plaintiff timely requested a hearing, which was held before an Administrative Law Judge ("ALJ") on September 28, 2004.  On November 12, 2004 the ALJ issued his decision that plaintiff is not disabled, which became the final decision of the Commissioner on April 22, 2005, when the Appeals Council denied plaintiff's request for review.  Plaintiff timely sought judicial review.  Magistrate Judge DiBianco issued a Report recommending reversal and remand of this case to the Commissioner, citing ambiguities in the ALJ's residual functional capacity (RFC) determination.  The Commissioner timely filed objections.  For the following reasons, the court adopts the Report, thereby reversing the Commissioner's decision and remanding for further proceedings.

## III.   Factual Background

Because the evidence in this case is uncontroverted in all material respects, the court adopts the factual recitations set forth in the plaintiff's brief.  See Pl.'s

Mem. of Law, Dkt. No. 7.  See also Def.'s Mem. of Law, Dkt. No. 10.

## IV.    Discussion

This court does not review a final decision of the Commissioner *de novo*, but instead "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (internal citation omitted).  See also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran, 362 F.3d at 31 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)).  "An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Gravel v. Barnhart, 360 F.Supp.2d 442, 444-445 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).   When reviewing a determination by the Commissioner, a district court, in its discretion, "shall [...] enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner [...], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  See also Butts, 388 F.3d at 385.

An individual is "disabled" for purposes of his or her eligibility for Social Security Disability if he or she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).  The Commissioner may deem an individual applicant for Social Security Disability to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

    SSA regulations set forth a five-step sequential evaluation process, by which the Commissioner is to determine whether an applicant for Social Security Disability is disabled pursuant to the aforementioned statutory definition.  See 20 C.F.R. § 404.1520.  The Second Circuit Court of Appeals aptly summarizes this process as follows:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits her capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform her past relevant work. Finally, if the claimant is unable to perform her past relevant work, the Secretary determines whether the claimant is capable of performing any other work. If the

> claimant satisfies her burden of proving the requirements
> in the first four steps, the burden then shifts individually
> the Secretary to prove in the fifth step that the claimant is
> capable of working.

Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)).

Here, the ALJ concluded that plaintiff has not engaged in substantial gainful activity since her disability onset date, and that her impairments (hepatitis C, diabetes, depressive disorder and anxiety disorder) are severe but do not meet, either individually or in combination, the definition of one of the listed impairments in Appendix 1 of the regulations.  At step four of the sequential evaluation, the ALJ concluded the plaintiff "retains the residual functional capacity to perform light exertion[, but that she] is limited to performing only simple repetitive tasks."  Tr. 22.  At step five, the ALJ applied Medical-Vocational rule 202.14 to reach a finding that plaintiff is "not disabled".  Tr. 23.  The ALJ concluded that the plaintiff "retains the capacity to adjust to work that exists in significant numbers in the national economy."  Id.

Here, the Magistrate Judge recommended reversal of the Commissioner's decision regarding plaintiff's RFC, but affirmed the decision in all other respects. A district court shall review *de novo* only those portions of a magistrate's report recommendation to which objection is made.  See 28 U.S.C. § 636(b)(1).  The Commissioner confined her objections to the Magistrate Judge's recommendation of reversal as to the RFC determination.  As such, the court will review only that portion of the Report dealing with the Commissioner's RFC determination.

In support of the conclusion that plaintiff possesses the RFC for light work, limited to simple, repetitive tasks, the ALJ relied upon testimony from the plaintiff;

treatment records of Doctors Gerson, Bevilacqua and Seltenreich; and the assessment of a "State agency medical consultant." Tr. 20-22.  The ALJ concluded that plaintiff's testimony is not entirely credible, due to inconsistent statements to her physicians.  The ALJ further declined to give weight to Dr. Bevilacqua's assessments of plaintiff's physical and mental impairments as the former were not supported by the treatment notes and the latter were "extreme."  Tr. 21.  The Magistrate Judge found that these conclusions were based on substantial evidence, and no objections to same were filed.

  The sole evidence relied upon by the ALJ regarding plaintiff's mental impairments is a psychiatric evaluation conducted by Dr. Seltenreich, wherein he indicated that plaintiff "was able to follow and understand simple directions and instructions as well as perform simple rote tasks under supervision."  Tr. 22-23. Regarding plaintiff's physical impairments, the ALJ relied upon the assessment of a "State agency medical consultant" who concluded that plaintiff is "limited to light exertion."  Tr. 22.  While this "medical consultant" also concluded that plaintiff's impairments are not severe, the ALJ gave plaintiff the "benefit of the doubt" and found that her mental impairments are severe, "but not to the degree as alleged." Id.  The ALJ additionally referred to the notes of Dr, Gerson, whom treated plaintiff for hepatitis C from June 2003 through March 2004, although same was used to document inconsistencies in plaintiff's testimony and her statements to other physicians regarding her level of fatigue.  See Tr. 20-21.

  In reversing, the Magistrate Judge noted that the "medical consultant" relied upon by the ALJ was in fact a disability analyst, whose opinion is not entitled to the same weight as that of a physician, and thus an ambiguity arises as it becomes unclear that the ALJ gave proper weight to the analyst's assessment.  In addition,

the Magistrate noted a disconnect between the ALJ's conclusion that plaintiff "retains the capacity to adjust to work that exists in significant numbers in the national economy," and his conclusion that plaintiff's mental impairments are severe, as the ALJ failed to consider the effect of those impairments on the plaintiff's ability to perform the full range of light work.  Finally, the Magistrate found the ALJ's use of the term "adjust" relative to the conclusion regarding plaintiff's RFC to be particularly unclear as said term is not utilized by any of the medical professionals relied upon, and thus the Magistrate was unable to determine whether proper legal standards were followed in conducting the RFC determination.

      The Commissioner concedes that the ALJ erred in considering the assessment of a disability analyst to be that of a physician.  Nonetheless, the Commissioner contends, the ALJ's conclusion was supported by other substantial evidence, and therefore should be affirmed.  The Commissioner cites a district court order, wherein an ALJ's RFC evaluation was found to be supported by substantial evidence, despite the erroneous reliance on a disability examiner's report.  See Gonzalez Rivera v. Barnhart, 02-CV-3777, slip op. at 14 (E.D.N.Y. Dec. 1, 2003) Ex. to Def.'s Objections, Dkt. No. 13.  In that case, the ALJ relied upon plaintiff's treatment records from two hospitals as well as a consultive examination from a physician, in addition to the disability examiner's report, to support the conclusion that plaintiff was capable of performing light work.  See id. at 14-15.  Here, however, other evidence of plaintiff's physical limitations is lacking, and the Commissioner's argument to the contrary is unavailing.  For example, the Commissioner claims that plaintiff's own statements were relied upon by the ALJ, when in fact the ALJ deemed plaintiff's testimony not entirely

credible.  The Commissioner also alleges that the ALJ relied upon treatment notes of Doctors Gerson and Bevilacqua.  Dr. Gerson treated plaintiff for hepatitis C from June 2003 through March 2004, during which time he monitored her gastrointestinal health, including her liver functioning and blood levels.  Aside from plaintiff's claimed lack of fatigue, there is little in Dr. Gerson's reports to support a finding that plaintiff can perform light work.  Moreover, as previously mentioned, the ALJ found that Dr. Bevilacqua's assessment of plaintiff's physical impairments was "totally inconsistent with the record."  Therefore, because there is little evidence in the record of plaintiff's physical functioning aside from the disability analyst's assessment, and because it is unclear that the ALJ gave proper weight to this assessment, the court reverses the ALJ's determination as to plaintiff's RFC and remands for further administrative proceedings to develop the record regarding same.

    As to plaintiff's mental impairments, it appears the ALJ gave weight to Dr. Seltenreich's psychological assessment when he concluded that plaintiff's ability to perform light work is limited to simple, repetitive tasks.  However, in light of the ambiguity created by the ALJ's level of consideration given to the disability analyst's assessment of plaintiff's physical impairments, the court remands for further administrative proceedings as to plaintiff's RFC.

    Finally, regarding the ALJ's conclusion that plaintiff "retains the capacity to *adjust* to work that exists in significant numbers in the national economy" Tr. 22 (emphasis added), the court notes that while the term, "adjust" is not in fact used by any of the medical professionals relied upon by the ALJ in reaching his conclusion, the term does appear in the Social Security regulations regarding the evaluation of disability in general, and specifically regarding consideration of a claimant's

vocational background.  See 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1560(c)(1).  See also Olmeda v. Barnhart, 04-Civ-5456, 2006 WL 2255003, at *5 n.10 (S.D.N.Y. Aug. 1, 2006); Spielberg v. Barnhart, 367 F.Supp.2d 276, 280-81 (E.D.N.Y. 2005).

**V.     Conclusion**

The January 11, 2007 Report-Recommendation of the Honorable Gustave J. DiBianco, Magistrate Judge is hereby adopted, and so much of the decision by defendant, Commissioner of Social Security that plaintiff, Judy Mangione is not disabled, which reflects the evaluation of her residual functional capacity is reversed, and the case is remanded to the Commissioner for further administrative proceedings consistent with this Order.

IT IS SO ORDERED.

DATED:   March 15, 2007
         Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge